1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   LARRY REED,                      )   No. C 10-04728 JW (PR)
                                      )
12              Plaintiff,             )   ORDER OF DISMISSAL; GRANTING
                                      )   MOTION FOR LEAVE TO PROCEED
13      vs.                           )   *IN FORMA PAUPERIS*
                                      )
14                                    )
15   T. REPASKY, et al.,              )
                                      )
16              Defendants.           )
     _____)   (Docket No. 2)
17

18          Plaintiff, a California inmate at the Correctional Training Facility in Soledad,

19   has filed a pro se civil rights action under 42 U.S.C. § 1983 alleging claims against

20   prison officials.  Plaintiff has filed a motion for leave to proceed in forma pauperis,

21   (Docket No. 2).

22

23                                DISCUSSION

24   A.     Exhaustion

25          The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. §

26   1997e to provide that "[n]o action shall be brought with respect to prison conditions

27   under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any

28   jail, prison, or other correctional facility until such administrative remedies as are

United States District Court
For the Northern District of California

available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. Id. at 85-86 (citing Booth, 532 U.S. at 734). The mandatory exhaustion of available administrative remedies is not limited to suits under § 1983, but to any suit challenging prison conditions. Id. at 85 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)).

The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Id. at 93. This requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Ngo, 548 U.S. at 84. "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." Id. at 92. Therefore, the PLRA exhaustion requirement requires proper exhaustion. Id. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91 (footnote omitted).

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). A concession to nonexhaustion is a valid ground for dismissal, provided no exception to exhaustion applies. Id. at 1120.

Here, it is obvious from the face of the complaint that plaintiff has not exhausted his administrative remedies. (Compl. 2.) With respect to the third formal

1  level of review, plaintiff indicates that his appeal is "pending director review." (Id.)

2  An action must be dismissed unless the prisoner exhausted his available

3  administrative remedies before he or she filed suit, even if the prisoner fully

4  exhausts while the suit is pending.  McKinney v. Carey, 311 F.3d 1198, 1199 (9th

5  Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where

6  administrative remedies are not exhausted before the prisoner sends his complaint to

7  the court it will be dismissed even if exhaustion is completed by the time the

8  complaint is actually filed).  As it is clear from the complaint that plaintiff did not

9  exhaust his available administrative remedies before he filed the instant action, and

10  no exception to exhaustion applies, dismissal without prejudice is appropriate.

11  Wyatt, 315 F.3d at 1120.

12  B.      Motion for Leave to Proceed *In Forma Pauperis*

13          Plaintiff's motion to proceed in forma pauperis (Docket No. 2) is

14  GRANTED.  The total filing fee that will ultimately be due is $350.00.  An initial

15  partial filing fee of **$ 9.64** is now due.  Funds for the filing fee will be taken from

16  income to plaintiff's account in accordance with 28 U.S.C. § 1915(B)(1).

17          A copy of this order and the attached instructions will be sent to plaintiff, the

18  prison trust account office, and the Court's financial office.

19

20                                     **CONCLUSION**

21          For the foregoing reasons, this action is hereby DISMISSED without

22  prejudice to plaintiff's refiling his claims after all available administrative remedies

23  have been exhausted.

24          This order terminates Docket No. 2.

25

26  DATED: _____February 2, 2011_____

27                                                    JAMES WARE
                                                     United States District Chief Judge

28

**United States District Court**
For the Northern District of California

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order.** Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:    Plaintiff
       Finance Office

Order of Dismissal; Granting Leave to Proceed IFP
P:\PRO-SE\SJ.JW\CR.10\Reed04728_dism-exh.wpd            4

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

LARRY REED,

                Plaintiff,

  v.

T. REPASKY, et al.,

                Defendants.

_____/

Case Number: CV10-04728 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____2/7/2011_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Larry Reed P-58403
CTF
P. O. Box 689
Soledad, CA 93960

Dated: _____2/7/2011_____

                        Richard W. Wieking, Clerk
                        /s/ By: Elizabeth Garcia, Deputy Clerk